UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PETER A. SHAMOUN, ET AL,
                        Plaintiffs,

-v-

BRANDON H. MUSHLIN, ET AL,
                        Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 0 8 2013

12 Civ. 03541 (AJN)

OPINION

ALISON J. NATHAN, District Judge:

Plaintiffs have requested an extension of time to serve the summons and complaint in this action, and for leave for substituted service on Defendants Brandon H. Mushlin, Keith Cannon, Bulldog Capital Funding, LLC, www.ScamFraudReport.org; and Timeweb Co., Ltd (the "Bulldog Defendants"). Mushlin and Cannon are alleged to be the managing partners of Bulldog Capital Funding, LLC and the owners of www.scamfraudreport.org. (Compl. ¶¶ 5-6). Defendant TimeWeb Co., Ltd. is alleged to be a "a limited liability company organized in Saint Petersburg, Russia operating in the United States via the World Wide Web." (Compl. ¶¶ 11).

## I. BACKGROUND

Plaintiffs bring a number of claims against the Bulldog Defendants in connection with their alleged creation and operation of the website "www.scamfraudreport.org," and allegedly false statements made on that website. (Compl. ¶¶ 16-26). Although they have made significant efforts to serve several of the Bulldog Defendants, detailed below, they have been unable to do so and argue that these Defendants are intentionally seeking to evade service.

Bulldog Capital Funding LLC ("BCF") is a Missouri limited liability company which

designated CSC-Lawyers Incorporating Service Company ("CSC") as its registered agent; Plaintiffs attempted to serve BCF and Cannon through CSC, but CSC rejected service, claiming that it was not the registered agent for BCF. (Heimerl Decl. ¶¶ 5-7, Exs. A-C). Through investigation, Plaintiffs determined that Bulldog Capital Group, LLC, ("BCG") a non-party, is a division of BCF. (Heimerl Decl. ¶ 12, Ex. I). An attempt to serve BCG, Cannon, and Mushlin through service on BCG's registered agent was unsuccessful, with the resident at that address claiming not to know the Defendants. (Heimerl Decl. ¶¶ 13-15, Exs. J-K).

Plaintiffs also attempted to serve Mushlin at what they believed to be his address in Clayton, Missouri—an address confirmed by certain of the other Defendants in this matter as the contact information provided when Mushlin registered the www.scamfraudreport.org domain name—but were informed by the leasing agent that Mushlin moved out with no forwarding address. (Heimerl Decl. ¶ 9, Exs. D-E). The leasing agent, however, informed them that Mushlin "mentioned something about moving to southern California," leading Plaintiffs to unsuccessfully attempt to serve Mushlin at what they then believed to be his parents' address in San Diego. (Heimerl Decl. ¶¶ 9-10, Ex. F).

After completing a Request for Change of Address or Boxholder Information Needed for Service of Process form, and obtaining an address for Mushlin in St. Louis, Missouri, Plaintiffs attempted to serve Mushlin at this address. (Heimerl Decl. ¶ 11, Ex. G). Upon attempting service at this address, they determined that Mushlin's parents lived at this residence. (Heimerl Decl. ¶ 12, Ex. H). Mushlin's parents informed the process server that neither Mushlin nor his businesses were located at that address. (Heimerl Decl. ¶ 12, Ex. H).

After another attempt to obtain a forwarding address for Mushlin, Cannon, and BCF was

2

fruitless (Heimerl Decl. ¶ 16, Ex. L),[1] Defendants attempted to have someone pose as an investor and arrange a meeting in which service of process could be effectuated. (Heimerl Decl. ¶ 17). A meeting was arranged for October 9, 2012 in Atlanta, Georgia, but neither Mushlin nor Cannon appeared. (Heimerl Decl. ¶ 18, Ex. M). The meeting was arranged via e-mail to Keith Cannon at the address keith@bulldogcapitalgroup.com, which Cannon appears to personally monitor. (Heimerl Decl. Ex. M).

## II. DISCUSSION

Plaintiffs request that the time to effect service be extended for an additional sixty days, and that the following be deemed effective service: (1) service upon the Missouri Secretary of State; (2) service on the Georgia Secretary of State; and (3) service by electronic mail to keith@bulldogcapitalgroup.com.

Federal Rule of Civil Procedure 4(e) provides, *inter alia*, that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located. Fed. R. Civ. Proc. 4(e)(1); *see also* Fed. R. Civ. Proc. 4(h)(1)(A) (allowing similar service on corporations); *Fortunato v. Chase Bank USA, N.A.*, 2012 U.S. Dist. LEXIS 80594, at *3 (S.D.N.Y. June 7, 2012). New York state law provides a number of specified methods for serving individuals, and further provides that service may be effectuated "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the other specified methods of service. N.Y. C.P.L.R. § 308(5); *see also* N.Y. C.P.L.R. §§ 311, 311-a (containing similar provisions for service on corporations and limited liability corporations). Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other

---

[1] According to Plaintiffs, the websites for BCF and BCG do not contain an address for BCF and BCG. (Heimerl Decl. ¶ 17).

3

provisions of the statute. *Id.* at *3-4.

In this action, Plaintiffs have in fact demonstrated numerous actual attempts to serve Defendants Mushlin, Cannon, and BCF in this matter, as well as diligence in attempting to determine alternate addresses for service. Given Plaintiffs' demonstrated inability to effectuate service through traditional means, the Court concludes that service pursuant to the particular methods specified by New York State law is impracticable and that alternative service is appropriate. *Id.* at *5-6; *Urbont v. Sony Music Entm't*, 2012 U.S. Dist. LEXIS 64201, at *8-9 (S.D.N.Y. May 4, 2012); *SEC v. Nnebe*, 2003 U.S. Dist. LEXIS 2443, at *9-10 (S.D.N.Y. Feb. 19, 2003). Defendants have provided no explanation of their efforts to serve Defendant TimeWeb Ltd., and thus their request for substituted service on this Defendant is denied.

In shaping a method of alternate service, the Court must bear in mind the requirements of due process that the method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Fortunato*, 2012 U.S. Dist. LEXIS 80594, at *6. The Court concludes that, given the evidence that Defendants in fact use and monitor the e-mail address at issue, service as proposed by the Defendants on this e-mail address and the Georgia and Missouri Secretaries of State satisfies the requirements of due process. *See, e.g., Philip Morris USA Inc. v. Veles Ltd.*, 2007 U.S. Dist. LEXIS 19780, at *5 (S.D.N.Y. Mar. 12, 2007) (upholding service via e-mail and fax, noting that defendants do not disclose their physical addresses or location or incorporation).

Plaintiffs have also shown good cause that justifies an extension of the time to serve. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court therefore extends the time to serve Defendants Mushlin, Cannon, BCF, and TimeWeb Ltd. for sixty days from the date

of this order). *D.R.I., Inc. v. Dennis*, 2004 U.S. Dist. LEXIS 22541, at *4-5 (S.D.N.Y. June 2, 2004).

Dated: January 8, 2013
       New York, New York

                                        ALISON J. NATHAN
                                        United States District Judge